Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
JEAN-PAUL SALIBA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN-PAUL SALIBA, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINHOOD MARKETS, INC.; ROBINHOOD FINANCIAL, LLC; FINANCIAL SECURITIES, LLC; ROBINHOOD CRYPTO, LLC and DOES 1-100<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **NEGLIGENCE**<br>4. **UNFAIR COMPETITION (Cal. Bus. & Prof Code. §§17200 *et seq.*)**<br>5. **VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (Cal. Civil Code §§1750 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

///

1                                                                   **COMPLAINT**

Plaintiff, Jean-Paul Saliba, on behalf of himself, and all others similarly situated, complains and alleges as follows

## INTRODUCTION

1. This is a class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking damages for the conduct of Defendants, Robinhood Markets, Inc.; Robinhood Financial, LLC; Robinhood Securities, LLC; Robinhood Crypto, LLC (hereinafter "Robinhood") which caused damages to Plaintiff and those similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1). Plaintiff is a citizen of Texas and all Defendants are Delaware corporations and have its principal place of business for the purposes of citizenship in Menlo Park, California and Lake Mary, Florida.

## PARTIES

3. Plaintiff is, and at all relevant times was, a Texas resident residing within the Dallas, Texas. Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants.

4. Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5. Plaintiff is informed and believes that Defendants provide a "commission free" platform for consumers to buy, sell and trade different companies

stock and securities.

6. Plaintiff is informed an believes that DOES 1 through 100 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

7. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

8. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged

above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 100.

9.   At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.   Robinhood is an online brokerage firm that provides an online platform for consumers to buy and sell securities. It has been valued at over $7 billion with over 10 million consumers.

11.   As or about January 11 and 12, 2021, the value in stocks of the company, GameStop with a ticker symbol of GME, increased significantly. Robinhood had allowed its users to trade GME open market.

12.   On or about January 27 or 28 2021, Robinhood disabled and completely restricted the trading of GME. This was done without Plaintiff and the putative class's consent. In Fact, Robinhood went as far to pulling GME from the

Robinhood's platform so no consumer could trade or even find GME on Robinhood.

13. On January 28, 2021, Plaintiff attempted to sell his shares of GME but could not do so due to Robinhood's improper conduct.

14. Robinhood's conduct left Plaintiff and the putative class with no opportunity to lower their average costs, no opportunity (if GME's price went up) to receive gains or no opportunity (if GME's price went down) to short GME.

15. In other words, instead of acting simply as a conduit for trading, Robinhood acted as a regulator and refused to allow its users to trade GME for no reason, thereby precluding its consumers from using Robinhood's services.

16. Plaintiff is informed and believes and based thereon alleges that Robinhood's conduct violated Financial Industry Regulatory Authority ("FINRA"), rule 5310, *et seq.* Rule 5310.01 (supplemental material) requires that Robinhood "must make every effort to execute a marketable customer order that it receives promptly and fully." By refusing to let Plaintiff and the putative class trade GME in any way, Robinhood violated this FINRA rule 5310.01 (supplemental material).

## CLASS DEFINITION AND CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23.

///

///

**COMPLAINT**

The members of the Class are defined as follows:

**All Robinhood consumers in the United States whose ability to trade GameStop (GME) was affected due to Robinhood's refusal to allow its consumers to trade GME.**

18. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

19. **Numerosity of the Classes**: Members of the Classes are so numerous that their individual joinder is impracticable. Plaintiff estimate that there are no less than 10,000 persons in the identified classes. The precise number of Class members and their addresses are unknown to Plaintiff. However, Plaintiff is informed and believes and thereon alleges that the number can be obtained from Defendants' business and transaction records. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

20. **Existence of Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Classes. These questions predominate over any questions effecting only individual members of the classes. These common factual and legal questions include:

(a) Whether Defendant breached its contract it had with Plaintiff and the putative class;

(b) Whether Plaintiff and those similarly situated were consumers pursuant to Cal. Civil Code §§1750 *et seq*.

(c) Whether Defendants' conduct as alleged herein violated Cal. Civil Code §§1750 *et seq*.

(d) Whether Defendants' conduct as alleged herein resulted in a windfall of profits that Defendants were not entitled;

(e) Whether Defendants' committed unlawful business practices or acts within the meaning of Cal. Business & Professions Code §§17200 *et seq*.;

(f) Whether Defendants' owed a duty or care to Plaintiff and the putative class, which it breached by refusing to let Plaintiff and the putative class trade GME;

(g) Whether Defendants violated FINRA rule 5310.01 (supplemental material).

(h) Whether Defendants raise any affirmative defenses that are universal in application.

21. **Typicality**: Plaintiff's claims are typical of the claims of the members of the respective Classes because Plaintiff was affected by Robinhoods conduct as alleged herein above. Plaintiff sustained the same types of damages that the putative class members sustained. Plaintiff is subject to the same affirmative defenses as the members of the putative class.

22. **Adequacy**: Plaintiff will adequately and fairly protect the interests of the members each of the Class. Plaintiff has no interest adverse to the interests of

**COMPLAINT**

absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

23.  **Superiority**:  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(By Plaintiff and the Class against all Defendants)**

24.  Plaintiff incorporates paragraphs 1 through 23 of this complaint as though fully alleged herein.

25.  Plaintiff, and those similarly situated, entered into a Customer User Agreement (hereinafter the "Contract"), with implied provisions, with Robinhood.

The terms of the Contract were that Robinhood was required to must make every effort to execute a marketable customer order that it receives promptly and fully and not preclude or refuse to allow its users to trade.

26. As more fully set forth in the paragraphs incorporated herein, Defendants breached the contract when it precluded and refused Plaintiff and the putative class from trading GME.

27. Plaintiff and the putative class has performed all covenants and conditions required under the contract or have been excused from doing so due to Defendants' breach.

28. As a proximate result of Defendants' breach, Plaintiff and the putative class suffered economic loss.

## SECOND CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
**(By Plaintiff and the Class against all Defendants)**

29. Plaintiff incorporates paragraphs 1 through 28 of this complaint as though fully alleged herein.

30. Plaintiff, and those similarly situated, entered into the Contract with Robinhood. The Contract required Robinhood to fulfill trade orders that were placed properly and in a timely manner. Robinhood did the opposite and restricted and refused to allow Plaintiff and the putative class from trading GME.

31. Robinhood's conduct violated numerous legal authorities, including FINRA and the SEC. Robinhood's conduct was unreasonable and done with reckless disregard for the rights of Plaintiff and the putative class.

32. Therefore, Plaintiff is informed and believes and thereon alleges that Robinhood breached the Contract and implied covenant of good faith and fair dealing that was incorporated into the Contract by restricting and refusing to allow Plaintiff and the putative class to trade GME.

33. As proximate result of Defendants' conduct, Plaintiff and the putative class suffered significant economic loss. Plaintiff and the putative is entitled to punitive damages in an amount that the trier of fact finds reasonable.

## THIRD CAUSE OF ACTION
### NEGLIGENCE
**(By Plaintiff and the Class against all Defendants)**

34. Plaintiff incorporates paragraphs 1 through 33 of this complaint as though fully alleged herein.

35. Plaintiff is informed and believed and thereon alleges that Robinhood owed Plaintiff and the putative class a duty of care in providing its services.

36. Robinhood breached that duty of care by restricting and refusing to allow Plaintiff and the putative class to trade GME.

37. Robinhood's conduct was a proximate cause to the harm suffered by Plaintiff and those similarly situated.

38. Plaintiff is informed and believes and thereon alleges that Robinhood's breach was not excused for any reason.

39. Plaintiff and the putative class suffered harm as a result of Robinhood's conduct.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CLRA)
### (By Plaintiff and the Class against all Defendants)

40. Plaintiff incorporates paragraphs 1 through 39 of this complaint as though fully alleged herein.

41. At all relevant times, Plaintiff and the putative class were consumers of Defendants covered by Cal. Civil Code §§1750 *et seq*.

42. Cal. Civil Code §§1770(a)(9) prohibits "[A]dvertising goods or services with intent not to sell them as advertised."

43. Cal. Civil Code §§1770(a)(10) prohibits "[A]dvertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity."

44. Cal. Civil Code §§1770(a)(16) prohibits [R]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

45. As a result of Defendants' conduct as alleged herein, Defendant violated the above provisions.

46. On February 3, 2021, prior to the filing of this Complaint, a CLRA notice letter was served on Defendants that complies in all respects with Cal. Civil Code §1782(a). Plaintiff sent Defendants these letters via certified mail, return receipt requested. A true and correct copy of Plaintiff's CLRA letters are attached, collectively, hereto as **Exhibit 1**.

47. Pursuant to Cal. Civil Code §1780(a), Plaintiff and the putative class seek actual damages, an order of this Court enjoining Defendants from engaging in the methods, act or practices alleged herein, restitution of property and punitive damages.

**FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(By Plaintiff and the Class against all Defendants)**

48. Plaintiff incorporates paragraphs 1 through 47 of this complaint as though fully alleged herein.

49. This cause of action is brought pursuant to the Unfair Competition Law of the Cal. Business & Professions Code §§17200 *et seq*. Defendants' conduct constitutes unfair, unlawful and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200.

50. Plaintiff brings this cause of action on behalf of the general public solely in their capacities as private attorneys general pursuant to Cal. Business & Professions Code §17204.

COMPLAINT

51. At all times during the liability period, Defendants' represented they would make every effort to execute a marketable customer order that it receives promptly and fully. However, Defendants did the opposite by precluding, refusing and not allowing Plaintiff and the putative class to trade GME.

52. By restricting the trading of GME, Defendants unfairly made more money.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2. An order finding Defendants' conduct was negligent;

3. An order finding Defendants' conduct violated the CLRA;

4. An order enjoining Defendants from restricting and refusing trades without prior notice

5. Awarding prejudgment and post-judgment interest at the maximum legal rate;

6. Awarding attorneys' fees according to proof;

7. Awarding costs of suit herein; and

///

**COMPLAINT**

8. All such other and further relief as the Court deems just.

Date: February 3, 2021

Respectfully Submitted,

McCATHERN LLP

By: *Evan Selik*
_____
Evan Selik
Christine Zaouk
Attorney for Plaintiff,
JEAN-PAUL SALIBA

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Date:  February 3, 2021

Respectfully Submitted,

McCATHERN LLP

By: *Evan Selik*
_____
Evan Selik
Christine Zaouk
Attorney for Plaintiff,
JEAN-PAUL SALIBA